UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JAMES DUBORD
21846 South Weather Edge Circle
Lannon, Wisconsin 53046

      Plaintiff,

v.

LIPPERT TILE CO., INC.
N89 W14260 Patrita Drive
Menomonee Falls, Wisconsin 53051

      Defendant

Case No.: 18-cv-1155

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, James Dubord, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"), and the Employee Retirement Income Security Program, as amended, 29 U.S.C § 1001, *et. seq.* ("ERISA"), specifically the Consolidated Omnibus Budget Reconciliation Act, as amended, 29 U.S.C § 1161, *et. seq.* ("COBRA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, James Dubord, is an adult male resident of the State of Wisconsin with a post office address of 21846 South Weather Edge Circle, Lannon, Wisconsin 53046.

5. Defendant, Lippert Tile Co., Inc., was, at all material times herein, a commercial entity with a principal address of N89 W14260 Patrita Drive, Menomonee Falls, Wisconsin 53051.

6. Defendant furnishes and installs flooring, carpeting, and tile.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than twenty (20) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. In approximately July 2015, Defendant hired Plaintiff into the position of Warehouse Manager.

14. In approximately July 2015, Plaintiff became eligible for and obtained health and dental benefits from Defendant for himself, his wife, and his son.

15. Plaintiff held and performed compensable work in the position of Warehouse Manager during the entirety of his employment with Defendant.

16. During Plaintiff's employment with Defendant, Defendant maintained a "group health plan" under which Plaintiff and Plaintiff's family were insured.

17. On or about May 3, 2018, Defendant terminated Plaintiff's employment.

18. During his employment with Defendant, Plaintiff reported directly to Cecila Valentine, Vice President of Operations, who reported directly to Leslie Lippert, President.

19. During the entirety of Plaintiff's employment with Defendant, it compensated him on a salary basis.

20. During Plaintiff's employment with Defendant, it compensated him on a salary basis of approximately $60,000 to $63,000 annually.

21. During Plaintiff's employment with Defendant, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL.

22. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant and at the direction of Defendant and/or with Defendant's knowledge out of its Menomonee Falls, Wisconsin location.

23. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff's usual and customary days of work were Mondays through Fridays and occasionally on weekends.

24. During the entirety of Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff's primary job duty was performing manual labor.

25. During Plaintiff's employment with Defendant in his position of Warehouse Manager and on a daily basis, Plaintiff: physically travelled between Defendant's project sites and/or Defendant's customers and/or vendors in the southeastern Wisconsin area during and throughout the work day making deliveries of materials, supplies, and/or tools; physically loaded and unloaded materials, supplies, and/or tools from Defendant's and/or vendors' vehicles and trucks by lifting, reaching, bending, squatting, dragging, pushing, pulling, and/or climbing; physically lifted, dragged, pushed, and/or pulled Defendant's and/or vendors' materials, supplies, and/or tools in Defendant's warehouse; physically performed "pick up" and "clean up" duties of materials, supplies, tools, and/or garbage at Defendant's warehouse and/or Defendant's project sites by lifting, reaching, bending, squatting, dragging, pushing, and/or pulling; physically organized, sorted, and/or staged Defendant's materials, supplies, and/or tools in Defendant's warehouse and/or in Defendant's trucks; physically operated Defendant's heavy machinery (i.e., its forklift and/or its Shrink Wrap Machine) in order to perform tasks as directed by Defendant (i.e., such as moving or organizing Defendant's materials, supplies, and/or tools); physically disassembled wooden pallets and other materials; and performed any other physical activity or duty that Defendant requested or required.

26. During the entirety of Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff spent approximately eighty percent (80%) of his hours worked every workweek performing manual labor.

27. During Plaintiff's employment with Defendant in his position of Warehouse Manager and on a daily basis, Plaintiff primarily physically performed his job duties in Defendant's warehouse and/or outside, off-site, and/or away from Defendants' offices and location in Menomonee Falls, Wisconsin.

28. During Plaintiff's employment with Defendant in his position of Warehouse Manager and on a daily basis, Plaintiff did not perform his job duties in an office setting.

29. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not customarily and regularly direct the work of at least two of Defendant's employees.

30. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

31. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

32. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff's primary job duties did not directly relate to Defendant's management or general business operations.

33. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not, in the performance of his job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

34. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not, in the performance of his job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

35. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

36. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff regularly and consistently worked in excess of forty (40) hours per workweek.

37. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Defendant's expectation of Plaintiff was that he perform at least forty (40) hours of work per workweek.

38. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff regularly and consistently worked approximately fifty (50) to sixty (60) hours per workweek.

39. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Defendant had knowledge that Plaintiff frequently worked in excess of forty (40) hours per workweek.

40. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Defendant required Plaintiff to track and record his actual hours worked each workweek.

41. During Plaintiff's employment with Defendant in his position of Warehouse Manager, he tracked and recorded his actual hours worked each workweek via Defendant's electronic timekeeping system via Defendant's computer system.

42. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Defendant recorded and maintained Plaintiff's actual hours of work each workweek.

43. During Plaintiff's employment with Defendant, Defendant compensated him on a weekly basis via paycheck.

44. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

45. During Plaintiff's employment with Defendant, Defendant suffered or permitted him to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

46. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

47. Defendant knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for all hours worked (and for all hours Defendant suffered or permitted him to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

48. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

49. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

50. Subsequent to Plaintiff's termination on or about May 3, 2018, Defendant did not provide him with a COBRA Notice of Rights.

51. To date, Plaintiff has not received a COBRA Notice of Rights from Defendant.

52. Defendant had a statutory duty to comply with COBRA and to notify Plaintiff of his rights under COBRA as a result of his termination.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS

53. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

54. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

56. During the entirety of his employment with Defendant, Plaintiff's primarily performed non-exempt duties in his position of Warehouse Manager and, thus, was entitled to overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

57. Defendant violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

58. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendant did not act in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

59. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

60. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

61. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

62. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

64. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

65. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

66. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in workweeks for which he was not compensated at an overtime rate of pay for all hours worked in excess of forty (40) per workweek.

67. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at an overtime rate of pay.

68. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay for all hours worked in excess of forty (40) per workweek..

69. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

70.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

71.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – ERISA VIOLATIONS (COBRA)

72.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

73.     At all times material herein, Defendant maintained a "group health plan" within the meaning of 29 U.S.C. § 1167(1) and therefore was subject to COBRA.

74.     At all times material herein, Defendant employed at least twenty (20) employees on a typical business day during the relevant preceding calendar year as described in 29 U.S.C. § 1161(b).

75.     Plaintiff was provided coverage under a group health plan by virtue of his performance of services for Defendant and was, at all material times herein, a "covered employee" as that term is defined by 29 U.S.C. § 1167(2).

76.     Plaintiff's termination was a qualifying event under 29 U.S.C. § 1163(2).

77.     Following his termination from Defendant, Plaintiff was not, and has not been, timely notified of his rights under COBRA, in violation of 29 U.S.C. § 1166 (a)(2) and (c).

78. As a direct and proximate result of Defendant's continuing COBRA violations, Plaintiff has sustained injuries and damages, including the loss of health insurance benefits, and been placed in financial distress.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Enter judgment against Defendant in an amount Plaintiff may be found to be entitled, including the COBRA damages provision outlined in 29 U.S.C. § 1132, together with exemplary damages, penalties, interest, and costs as permitted by ERISA;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

4. Grant to Plaintiff liquidated damages against Defendant; and

5. Grant to Plaintiff any other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 26th day of July, 2018

                WALCHESKE & LUZI, LLC
                Counsel for Plaintiff

                **s/ *Scott S. Luzi*** _____
                James A. Walcheske, State Bar No. 1065635
                Scott S. Luzi, State Bar No. 1067405
                Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com